UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:91-CR-127-TAV-HBG |
| ROY LEE CLARK, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's Innocence Protection Act Petition [Doc. 194], Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 207], Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 209], and Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 210]. The government filed responses in opposition [Docs. 204, 213], and the defendant replied to the government's Innocence Protection Act Petition response [Doc. 206].

I. **Innocence Protection Act Petition**

In this motion, the defendant requests that the Court order DNA testing on a cigar butt that was introduced at the defendant's trial and a soil sample that was not introduced at his trial [Doc. 194 p. 3]. The provision cited by the defendant in support of his request, 18 U.S.C. § 3600(a), states:

> Upon a written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense

>    (referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply . . .
>
>    (4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.

Concerning this subsection, the government submits that the evidence at issue in the motion "is no longer in possession of the government" [Doc. 204 p. 9]. In support, the government offers the affidavit of Sandra Greene ("Greene"), a Federal Bureau of Investigation ("FBI") employee whose duties include supervising the bureau's evidence program and who served two stints as Knoxville evidence technician [Doc. 204-1]. Greene avers that upon request of the United States Attorney's Office, she conducted a search for the evidence at issue—specifically cigar butts and soil samples—but was unable to locate such evidence [*Id.*]. She adds that "[p]ursuant to FBI policy, that evidence should have been—and likely was—disposed of or otherwise destroyed in or before 1999" [*Id.*]. The defendant responds by taking issue with the government's lack of certainty or documentation as to the location of evidence that he characterizes as critically important to his case.

By its express terms, 18 U.S.C. § 3600(a) does not apply unless the Court finds that "[t]he specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered

2

in any respect material." 18 U.S.C. § 3600(a)(4). In light of the government's response and affidavit, the Court cannot make such a finding.

Moreover, the defendant cannot satisfy another prerequisite for granting his motion seeking DNA testing. To this end, the defendant has not shown that "[t]he proposed DNA testing of the specific evidence may produce new material evidence that would . . . raise a reasonable probability that the applicant did not commit the offense." 18 U.S.C. § 3600(a)(8). Even if the government possessed the evidence at issue and DNA testing revealed that the cigar butt and soil sample were devoid of the defendant's DNA, in light of the other incriminating evidence offered at trial, this revelation would not raise a reasonable probability that the defendant did not commit the offense for which he was convicted. Such evidence includes the defendant's retaliatory motive, testimony from the defendant's alibi witnesses that he may have been, or was, absent from their house, which was close to the scene of the crime, for several periods of time on the evening in question, and the defendant's admission to several inmates, including two undercover FBI agents, that he committed the murder in question [Doc. 204 p. 11].

Therefore, the Court must deny the defendant's motion for DNA testing pursuant to 18 U.S.C. § 3600(a).

## II. Request for FBI Policy and Notice to Close Legal Case File

In his remaining motions, the defendant requests that the Court order the production of the FBI policy relevant to Greene's affidavit and the notice to close legal case file "filed" by the United States Attorney's Office because he submits these items

3

are relevant to his 18 U.S.C. § 3600 motion and the prerequisites he must satisfy pursuant to that provision [Docs. 207, 209, 210]. The government responds that these items are irrelevant to the defendant satisfying the 18 U.S.C. § 3600 prerequisites [Doc. 213 pp. 3–4]. In support, the government states that the FBI policy relevant to Greene's affidavit would not make the government's possession of the sought evidence any more or less probable and that a notice to close legal case file is a document used internally by the United States Attorney's Office to manage its own files and has nothing to do with the retention or destruction of physical evidence [*Id.* at 3].

In support of his motions, the defendant merely offers that the requested documents pertain to his motion seeking DNA testing and are relevant to the prerequisites contained in the provision under which he moves [Docs. 207, 209, 210]. Yet, the defendant does not cite any authority supporting his request.

Moreover, the government submitted an affidavit from an FBI employee indicating that she was unable to find the evidence upon searching and that, pursuant to FBI policy, it was likely disposed of in 1999. The government adds that notices to close legal case files are internal documents used by the United States Attorney's Office to manage its files. In light of these representations by the government, the Court finds that the defendant has not shown that the requested documents are probative of, or material to, the defendant's motion seeking DNA testing or the prerequisites to entitlement to such relief.

4

At any rate, the requested documents bear upon only one of the prerequisites that the defendant must satisfy to warrant an order for DNA testing. In light of the Court's determination that even if the cigar butt and soil sample at issue were found to be devoid of the defendant's DNA, such a finding would not raise a reasonable probability that the defendant did not commit the offense for which he was convicted, the Court finds that granting the defendant's requests for production would not affect the Court's ruling upon the defendant's 18 U.S.C. § 3600(a) motion.

For all of these reasons, the Court denies the defendant's motions requesting the production of the FBI policy relevant to Greene's affidavit and the notice to close legal case file.

### III. Conclusion

For the reasons explained herein, the Court hereby **DENIES** the defendant's Innocence Protection Act Petition [Doc. 194], Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 207], Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 209], and Request for Production of (1) F.B.I. Policy; & (2) Notice to Close Legal Case File [Doc. 210].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE